**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4342**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ADAM SHAYLOR SANCHEZ,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:19-cr-00322-BO-1)

Submitted: December 13, 2021                    Decided: January 19, 2022

Before GREGORY, Chief Judge, and NIEMEYER and AGEE, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. David A. Bragdon, Assistant United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Adam Shaylor Sanchez pled guilty, pursuant to a plea agreement, to manufacturing child pornography, in violation of 18 U.S.C. § 2251(a), (e). The district court sentenced Sanchez to 300 months' imprisonment and imposed a lifetime term of supervised release with certain conditions. On appeal, Sanchez's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Sanchez's sentence is substantively reasonable. Sanchez was notified of his right to file a pro se supplemental brief, but he has not done so. The Government has moved to dismiss the appeal based on the appellate waiver in Sanchez's plea agreement. We deny the Government's motion to dismiss, affirm Sanchez's conviction, vacate his sentence, and remand for resentencing.

Our review pursuant to *Anders* revealed a meritorious issue that falls outside the scope of Sanchez's appellate waiver. While the district court announced some conditions of supervised release at sentencing, the written judgment contained multiple discretionary conditions of supervised release that were not announced at sentencing, including all of the standard conditions and most of the additional conditions. Thus, the district court violated the rule that "all non-mandatory conditions of supervised release must be announced at a defendant's sentencing hearing." *United States v. Rogers*, 961 F.3d 291, 296 (4th Cir. 2020). This is reversible error under de novo review, *id.* at 295-96, and the appellate waiver in Sanchez's plea agreement does not bar that review, *United States v. Singletary*, 984 F.3d 342, 344-45 (4th Cir. 2021).

When the district court fails to announce discretionary conditions of supervised release that are later included in the written judgment, the defendant's sentence must be vacated in its entirety and remanded for resentencing. *See Singletary*, 984 F.3d at 346 & n.4. Accordingly, we have no occasion to consider any additional challenges to Sanchez's sentence, including the one raised in counsel's *Anders* brief, or whether such challenges are barred by his appellate waiver.

In accordance with *Anders*, we have reviewed the entire record and have found no other meritorious grounds for appeal. Accordingly, we deny the Government's motion to dismiss, affirm Sanchez's conviction, vacate his sentence in accordance with *Rogers* and *Singletary*, and remand for resentencing. This court requires that counsel inform Sanchez, in writing, of the right to petition the Supreme Court of the United States for further review. If Sanchez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Sanchez.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*